**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**
**CIVIL ACTION NO. 4:22CV-P14-JHM**

**VALDEZE HUGHES**                                                                                   **PLAINTIFF**

v.

**KATHERINE E. FAITH** *et al.*                                                                    **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Valdeze Hughes filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

### I. SUMMARY OF COMPLAINT

Plaintiff is a convicted inmate at the Daviess County Detention Center. In the complaint caption, he writes "(28 U.S.C. 2254)." He sues Katherine E. Smith, whom he identifies as a lawyer with the Department of Public Advocacy (DPA), as well as the DPA.

Plaintiff states that on December 16, 2021, he was visited by Defendant Smith, who was representing him, and a person from "probation & parole." He maintains that Defendant Smith advised him to sign "'waiver papers' waiving my rights 2 a parole hearing stating I was getting out because I had already served my sentence out." He states that Defendant Smith "did not inform me that I was signing a 'serve out' paper saying I was serving out 28 month that they just added back on my sentence." He alleges that Defendant Smith told him that if he signed the papers he would get out in the next 24 to 48 hours. Plaintiff also states that he talked to Defendant Smith on January 13, 2022, and that she told him to "'shut up' and listen before she hangs up [and] she told me I have new felony convictions, which 'I don't.'" He continues, "My other case's have nothing at all 2 do with her or my parole violation that she representing me

on." Plaintiff maintains that Defendant Smith "misguided me & lied 2 me & is still lying 2 me & refusing 2 help me." He asserts that this has caused him and his family stress.

As relief, Plaintiff seeks compensatory and punitive damages and also writes in the relief section "(28 U.S.C. 2241)."

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be

'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

To state a claim under § 1983, "a plaintiff must allege (1) deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). It is firmly established that a defense attorney, regardless of whether he or she is a public defender or private attorney, does not act under color of state law for purposes of § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Therefore, Plaintiff fails to state a claim under § 1983 against Defendant Smith.

Plaintiff's claim against the DPA must also be dismissed. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against a state agency. *Cady v. Arenac Cty.*, 574 F.3d 334, 344 (6th Cir. 2009) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)). The DPA is a state agency for Eleventh Amendment purposes. *See, e.g.*, *Lowe v. Ky. Court of Justice*, No. 2:14-168-KKC, 2015 U.S. Dist. LEXIS 43527, at *6 (E.D. Ky. Apr. 2, 2015) ("Ky. Rev. Stat. 31.010 establishes DPA as state agency for Eleventh Amendment purposes[.]") (citing *Westermeyer v. Ky. Dep't of Pub. Advocacy*, No. 2:10-131-DCR, 2011 U.S. Dist. LEXIS 21629,

at *9 (E.D. Ky. Mar. 3, 2011)). Therefore, Plaintiff's claim against the DPA must also be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, the Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

The Court notes that Plaintiff makes references to 28 U.S.C. §§ 2241 and 2254 in his complaint. Plaintiff cannot seek habeas corpus relief in the context of this § 1983 action. **The Clerk of Court is DIRECTED to send Plaintiff forms for filing an action under 28 U.S.C. §§ 2241 and 2254 should he wish to file a habeas action**. Plaintiff must determine which form, if any, meets his needs.

Date: March 13, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
4414.010